**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02734-MSK-KMT

MILLENNIUM LABORATORIES, INC., a California Corporation,

        Plaintiff,

v.

ROCKY MOUNTAIN TOX, LLC, a Colorado limited liability company
d/b/a FORENSIC LABORATORIES,
SLATER LABORATORIES, INC., a Colorado corporation,
d/b/a FORENSIC LABORATORIES, and
SUMMIT DIAGNOSTICS, LLC, a New Hampshire limited liability company.

        Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

    Plaintiff Millennium Laboratories, Inc., Defendant Rocky Mountain Tox, LLC, Defendant Slater Laboratories, Inc., and Defendant Summit Diagnostics, LLC stipulate to, and respectfully request the Court to enter an order thereon, as follows:

## I.    PURPOSES AND LIMITATIONS

    Disclosure, court filings, and discovery activity in this action are likely to involve production of confidential, privileged, proprietary, trade secret, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

    This Order does not confer blanket protections on all disclosures or responses to discovery.  The protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

## II.    DEFINITIONS

A.    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

B.    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

C.    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c) or that any party designates as confidential information.

D.    <u>"CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information and Items</u>: information whose disclosure to another Party or non-party would create a substantial risk of serious competitive injury that could not be avoided by less restrictive means.

E.    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

F.    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

G.    <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY."

H.    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "CONFIDENTIAL — ATTORNEYS' EYES ONLY," and any other documents that have otherwise been previously designated by the parties as confidential.

2

I.     <u>Outside Counsel</u>:   attorneys who are not employees, directors, officers, shareholders, or members of a Party but who are retained to represent or advise a Party in this action (as well as their support staffs).

J.     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not and is not anticipated to become an employee, director, officer, or shareholder of a Party or a competitor of a Party.   This definition includes a professional jury or trial consultant retained in connection with this litigation.

K.     <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

### III.   <u>SCOPE</u>

This Order is subject to the Local Rules of this District and to the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.  The protections conferred by this Order cover all documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, and all other materials which may be subject to restrictions on disclosure for good cause.  Its protections cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

This Order shall apply to the Parties to this action, and also to any other person producing or disclosing "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY"

\\DE - 036365/000016 - 475633 v1

information in this action who agrees or is ordered to be bound by this Order.  If, in the course of this action, information is sought from a third party which would require such person to disclose and/or produce "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" information, such third-party may obtain the protections of this Order by agreeing in writing to produce information pursuant to this Order and to be bound by it.  No further order of this Court shall be necessary to extend the protections of this Order to third parties.

## IV.   DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## V.   DESIGNATING PROTECTED MATERIAL

A.   Attorney Certification of Good Faith Belief of Confidentiality

Any information designated by a party as confidential must first be reviewed by a lawyer who will certify that the designation as confidential is based on a good faith belief that the information is confidential or otherwise entitled to protection under Federal Rule of Civil Procedure 26(c)(7).

B.   Mass, indiscriminate, or routine designations are prohibited

Designations should be justified and not made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties).  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

4

C.      Manner and Timing of Designations

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

1.      for information in documentary form, (apart from transcripts of depositions or other pretrial or trial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" on each page of the document (preferably at the bottom of each page) in a manner that will not interfere with the legibility of the document and that will permit complete removal of the "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" designation.  A Party or non-party who makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL — ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY") at the bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY").

2.      for testimony given in deposition or in other pretrial proceedings, that the Party or non-party offering or sponsoring the testimony identify within 30 days after receipt of

the first transcript or draft transcript (but not rough transcript) of the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.

    3. <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "CONFIDENTIAL — ATTORNEYS' EYES ONLY."

    D. <u>Inadvertent Failures to Designate</u>:  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI. CHALLENGING CONFIDENTIAL DESIGNATIONS

   <u>A party may object to the designation of particular "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10)</u>

6

business days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" and shall not thereafter be treated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY."

## VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

A.   Basic Principles:  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and shall not be used for any other purpose, including in any other litigation.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XI, below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

\\DE - 036365/000016 - 475633 v1

B.     Disclosure of "CONFIDENTIAL" Information or Items:   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1.     the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

2.     an officer, director, or employee of the Receiving Party who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

3.     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

4.     the Court and its personnel;

5.     court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

6.     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

7.     the author of the document or the original source of the information.

C.     Disclosure of "CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items:  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

1.     the Receiving Party's Outside Counsel, as well as employees of said

8

Outside Counsel to whom it is reasonably necessary to disclose the information (so long as such employee is not a director, officer, or shareholder of the Receiving Party);

2. Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) who are not directors, officers, or shareholders of the Receiving Party;

3. the Court and its personnel;

4. court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

5. the author of the document or the original source of the information.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by e-mail or fax, confirmed by mail, is acceptable) immediately and in no event more than five (5) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating

9

Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court

### IX.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### X.   FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  Rather, a Party that seeks to file any Protected Material, or any materials that incorporate and/or disclose Protected Materials, must file said materials under seal in compliance with Civil Local Rule 79-5.1.

### XI.   FINAL DISPOSITION

Unless otherwise ordered or agreed by the Producing Party, within sixty days, after the final termination of this action, each Receiving Party shall return all hard copies of the Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers,

10

transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.   Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section IV, above.

## XII.   <u>MISCELLANEOUS</u>

A.      <u>Right to Further Relief</u>:  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.      <u>Right to Assert Other Objections</u>:  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.   Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.


DATED this 6th day of December, 2010.

HOGAN LOVELLS US LLP

s/ Daniel J. Dunn
Daniel J. Dunn
David A. DeMarco
Martin Price, *pro hac vice application pending*
Paul Werner, *pro hac vice application pending*

**ATTORNEYS FOR PLAINTIFF**
**MILLENNIUM LABORATORIES, INC.**

HOLLAND & HART LLP

s/ J. Lee Gray
J. Lee Gray, #27306

**ATTORNEY FOR DEFENDANTS**
**ROCKY MOUNTAIN TOX, LLC and**
**SLATER LABORATORIES, INC.**


RYLEY CARLOCK & APPLEWHITE

s/ Jeffrey R. Simmons
Jeffrey R. Simmons
Roger T. Williams

**ATTORNEYS FOR DEFENDANT**
**SUMMIT DIAGNOSTICS, LLC**

11

## ORDER

IT IS SO ORDERED.

Dated this 7th day of December.

BY THE COURT:


**s/ Kathleen M. Tafoya**
**United States Magistrate Judge**

12

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-2734-MSK-KMT

MILLENNIUM LABORATORIES, INC.,
a California Corporation,

       Plaintiff,

v.

ROCKY MOUNTAIN TOX, LLC,
a Colorado limited liability company
d/b/a FORENSIC LABORATORIES,
SLATER LABORATORIES, INC., a
Colorado corporation,
d/b/a FORENSIC LABORATORIES, and
SUMMIT DIAGNOSTICS, LLC,
a New Hampshire limited liability company.

       Defendants.

---

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

---

I, _____ [print or type full name], of

_____ [print or type full

address], declare under penalty of perjury that I have read in its entirety and understand the

Protective Order that was issued by the United States District Court for the District of Colorado

in this matter.  I agree to comply with and to be bound by all the terms of the Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Colorado agent for service of process in connection with this action or any proceeding related to this action or any proceeding related to this Protective Order.


Date: _____

Printed Name: _____

Signature: _____

City and State where sworn and signed: _____

2