IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02734–MSK–KMT

MILLENNIUM LABORATORIES, INC., a California corporation,

     Plaintiff,

v.

ROCKY MOUNTAIN TOX, LLC, d/b/a FORENSIC LABORATORIES,

     Defendant.

---

## ORDER

---

This matter is before the court on "Defendants'[1] Motion for Leave to Amend Answer to Add Counterclaim."  (Doc. No. 113, filed July 15, 2011 [Mot.].)  "Plaintiff's Response in Opposition to Defendant's Motion for Leave to Add Counterclaim" was filed on August 5, 2011 (Doc. No. 116 [Resp.]) and "Defendant's Reply in Support of Its Motion for Leave to Amend Answer to Add Counterclaim" was filed on August 23, 2011 (Doc. No. 117 [Reply]).

Accordingly, this matter is ripe for the court's review and ruling.

---

[1] Defendant's Motion was originally filed by Defendant Rocky Mountain Tox, LLC, d/b/a Forensic Laboratories, as well as former Defendant Slater Laboratories, Inc., d/b/a Forensic Laboratories.  However, Slater Laboratories was dismissed as a defendant pursuant to Plaintiff's "Amended Complaint and Jury Demand" (Doc. No. 112, filed July 15, 2011).  As such, because Slater Laboratories is no longer a party to this action, the court finds that only Defendant Rocky Mountain Tox, LLC may now properly seek the relief outlined in Defendant's Motion.

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl*., 712 F.2d 444, 446 (10th Cir. 1983).

In its Motion, Defendant seeks leave to amend its Answer (Doc. No. 11, filed Nov. 15, 2010) to assert a state-law counterclaim for abuse of process.  Plaintiff opposes Defendant's Motion, arguing that the Motion is untimely, that the court lacks jurisdiction over Defendant's proposed counterclaim, and that Defendant's proposed counterclaim would otherwise be futile.

The court first rejects Plaintiff's argument that Defendant's Motion is untimely.  As Plaintiff concedes, Defendant has complied with the deadline for amending the pleadings. Moreover, the discovery deadline was over two-and-a-half months away when Defendant's Motion was filed.  *Bd of County Comm'rs v. Brown Retail Group*, No. 08-cv-00855-LTB, 2009

2

WL 1706446, at *1 (D. Colo. June 16, 2009) (finding any argument of undue delay to be without merit where the motion to amend was filed before the deadline to amend the pleadings and discovery remained open); *but see Vester v. Asset Acceptance*, No. 08-cv-01957-MSK-LTM, 2009 WL 2940218, at *9 n. 7 (D. Colo. Sept. 9, 2009) (finding undue delay, notwithstanding the plaintiff's compliance with the deadline to amend the pleadings, where discovery had effectively closed).  Therefore, the court finds that even if Defendant knew of its proposed counterclaim at an earlier date, Defendant's proposed amendments are not unduly delayed.

Plaintiff also argues that the court does not have jurisdiction over Defendant's proposed counterclaim.  (Resp. at 9-12.)  More specifically, Plaintiff maintains that Defendant's proposed abuse-of-process counterclaim does not share a "common nucleus of operative fact" with Plaintiff's existing claims, as is required for the court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), because Plaintiff's existing claims focus on Defendant's conduct prior to when the Stipulated Temporary Restraining Order ("Stipulated TRO") was entered in this case, whereas Defendant's proposed abuse-of-process counterclaim focuses on Plaintiff's conduct after the Stipulated TRO was entered.  (*Id.* at 10-11.)

Prior to the enactment of the supplemental-jurisdiction statute, 28 U.S.C § 1367, some courts determined supplemental jurisdiction over state-law counterclaims based on whether the counterclaim was compulsory or permissive.  If a counterclaim was compulsory under Fed. R. Civ. P. 13(a)(1)(A)—meaning that the counterclaim arises out of the same "transaction or occurrence that is the subject matter of the opposing party's claim"—the court had jurisdiction to consider it.  *See, e.g., Pipeliners Local Union No. 798 v. Ellerd,* 503 F.2d 1193, 1198 (10th Cir.

1974).  If a counterclaim was permissive, however, an "independent grounds of jurisdiction" was required before the court could consider it.  *Id.*

Since Congress enacted Section 1367, the Tenth Circuit has not affirmatively determined whether a court's supplemental jurisdiction over counterclaims continues to be controlled by this compulsory versus permissive distinction.  However, those courts that have addressed the issue have concluded that Section 1367 supercedes case law holding that supplemental jurisdiction depends on whether a counterclaim was properly considered compulsory or permissive.  *See Walker v. THI of N.M.,* --- F. Supp. 2d ----, 2011 WL 2429267, at * 8-10 (D.N.M. May 20, 2011) (citing cases and engaging in an extended discussion of pre and post-Section 1367 approaches to counterclaims); *Wilhelm v. TLC Lawn Care, Inc.,* No. 07-2465-KHV, 2008 WL 640733, at *1 (D. Kan. Mar. 6, 2008).  The court agrees that, by its plain language, Section 1367 supercedes prior case law outlining supplemental jurisdiction over state-law counterclaims.

Once the court has original jurisdiction, additional claims can be added under the Section 1367(a), "which grants the district courts jurisdiction 'over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'"  *Price v. Wolford,* 608 F.3d 698, 702 (10th Cir. 2010) (quoting § 1367).  A claim, or counterclaim, "is part of the same case or controversy if it 'derive[s] from a common nucleus of operative fact.'"  *Price,* 608 F.3d at 702 (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715 (1966))).

4

Plaintiff maintains that the circumstances presented here are similar to a recent District of New Mexico case where the court found that it did not have supplemental jurisdiction over the defendants' abuse-of-process counterclaim. *See Walker,* 2011 WL 2429267, at * 8-10. In *Walker,* the plaintiff alleged that the defendants, including her former employer, subjected her to "numerous acts of racial discrimination, and terminated her employment . . . because of her race." *Id.* at *1. Several of the defendants counterclaimed for abuse of process, alleging that the plaintiff "filed claims without probable cause" and "made the allegations [of racial discrimination] without having evidentiary support or conducting a reasonable investigation to determine whether good grounds existed." *Id.* at *2.

The court found that it did not have supplemental jurisdiction over the defendants' counterclaim because the plaintiff's claims and the defendants' counterclaim did not derive from a common nucleus of operative fact. *Id.* at *35. Specifically, the court found that the facts underlying the plaintiff's claims related to her employment with the defendants and how she was treated during that time, whereas the defendants' abuse-of-process counterclaim was based on the plaintiff's actions in filing her complaint and her actions in the litigation. *Id.* Thus, the court found that the plaintiff's claim and the abuse-of-process counterclaim arose from "separate occurrences, which are separated in time, space, and origin." *Id.*

The court finds that this case is distinguishable from *Walker.* While in *Walker,* the court found that the facts underlying the plaintiff's claims were distinct from those underlying the defendants' proposed abuse-of-process counterclaim, here the court finds that the factual allegations underlying both Plaintiff's claims and Defendant's proposed counterclaim are part of

5

a continuous stream of actions and reactions.  First, Defendant allegedly misappropriated, and infringed Plaintiff's copyright in, Plaintiff's requisition form, which resulted in Plaintiff bringing this suit.  Defendant maintains that it essentially acquiesced to Plaintiff's proposed relief by stipulating to the Stipulated TRO.  (*See* Doc. No. 10-1).  Thereafter, Defendant effectively alleges that Plaintiff went "overboard" and abused process by providing a copy of the Stipulated TRO to Defendant's customers to gain a competitive advantage, and by initiating contempt proceedings against Defendant alleging that Defendant failed to strictly comply with the Stipulated TRO.  Thus, unlike the discrete events, separable in time, place, and origin, at issue in *Walker,* Plaintiff's claims and Defendant's counterclaim instead resulted from ongoing interactions starting with Defendant's alleged misappropriation of Plaintiff's retention forms, and continuing through Plaintiff's allegedly overreaching use of process.

Furthermore, "the 'common nucleus' test is broader than the 'transaction or occurrence' test used in the Civil Rules . . . .  In practice, § 1367(a) requires only that the jurisdiction-invoking claim and the supplemental claim have some *loose factual connection*."  13D CHARLES ALAN WRIGHT, *ET AL.,* FEDERAL PRACTICE AND PROCEDURE § 3567.1 (3d Ed. 2011) (emphasis added).  Relevant Tenth Circuit case law confirms that supplemental jurisdiction under Section 1367(a) is broad in scope and encompasses claims that arise during the underlying litigation granting original jurisdiction.  *See Price,* 608 F.3d at 703 (finding that the district court had supplemental jurisdiction over an intervening party's claim for a share of settlement proceeds because that claim arose out of the same facts as the tort claims that granted original jurisdiction); *Edward v. Doe,* 331 F. App'x 563, 568-571 (10th Cir. 2009) (finding that a fee

dispute between attorneys was part of the same case or controversy as the plaintiff's underlying personal injury litigation).

Altogether, the court finds that, under this relatively broad test, Defendant's proposed counterclaim "form[s] part of the same case or controversy" as Plaintiff's claims.  28 U.S.C. § 1367.  Accordingly, the court finds that it has supplemental jurisdiction under Section 1367 to consider Defendant's proposed abuse-of-process counterclaim.

Finally, Plaintiff argues that Defendant's proposed counterclaim is futile.  "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile.  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."  *Jefferson Cnty. Sch. Dist. v. Moody's Investor Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

Plaintiff argues that where "the process alleged to have been abused is an actual lawsuit, as opposed to a lis penden or a writ of replevin, an additional showing is required: 'The party asserting the abuse of process claim also has to show that the other party's claim is devoid of factual support or if supportable in fact, [has] no cognizable basis in law.'" (Resp. at 16 (quoting *Walker v. Van Laningham,* 148 P.3d 391, 394 (Colo. App. 2006)[2]).  Plaintiff further maintains that Defendant's counterclaim is premised on the filing of parallel lawsuits in Arizona and Florida.  (*Id.* at 16-17.)  Thus, Plaintiff argues that Defendant's failure to properly allege this additional element renders Defendant's proposed counterclaim is futile.  (*Id.*)

---

[2] The court notes that while Plaintiff cites to *Walker* for this proposition, no such quotation actually exists in the text of the *Walker* opinion.

Defendant disputes both Plaintiff's statement of the law and Plaintiff's characterizations of Defendant's abuse-of-process claim.  As to the former, Defendant maintains that the additional abuse-of-process element invoked by Plaintiff only applies when the alleged abuse of process involves the actual *filing* of a lawsuit.  (Reply at 6.)  Thereafter, as to the latter, Defendant maintains that Plaintiff's filing of the Arizona and Florida state-court lawsuits do not go to the *willful acts* element of its abuse-of-process counterclaim; rather Defendant avers to these acts as evidence of Plaintiff's *ulterior purpose*.  (*Id.* at 6–7.)  *See also Mintz v. Accident and Injury Med. Specialists,* --- P.3d ----, 2010 WL 4492222, at *3 (Colo. App. 2010) (ordinarily, the elements of an abuse-of-process claim include: (1) an ulterior purpose in using a judicial proceeding; (2) a use of the proceeding in an improper manner by taking a willful action that was improper in the proceeding's regular course; and (3) damage.) As such, Defendant argues that the additional element pointed to by Plaintiff is not implicated in this case.  (Reply at 6-7.)

The court finds that Defendant accurately states the law applicable to abuse-of-process claims.  Indeed, it is only "when the process alleged to have been abused entails . . . *the very filing of a lawsuit*" that the party asserting the abuse of process claim must show that "the opposing party's claim is 'devoid of factual support or if supportable in fact, [has] no cognizable basis in law." *Yadon v. Lowry,* 126 P.3d 332, 337 (Colo. App. 2005) (quoting *Ware v. McCutchen,* 784 P.2d 846, 848 (Colo. App. 1989)) (emphasis added).

However, upon reviewing Defendant's proposed counterclaim and supporting facts, it is far from clear that Defendant is not alleging that Plaintiff's filing the Florida and Arizona state-

court suits represent the improper willful acts underlying Defendant's abuse of process counterclaim.  (*See* Doc. No. 113-1 ¶¶ 14, 21-24 [Am. Answer and Counterclaim].) Nevertheless, Defendant has now admitted that Plaintiff's filing the Florida and Arizona state-court suits do not go to the willful act element.  Thus, because Defendant is not alleging that "the process alleged to have been abused entails . . . the very filing of a lawsuit," *Yadon,* 126 P.3d at 337, Plaintiff's argument that Defendant's proposed abuse-of-process claim is futile is effectively moot.  Accordingly, the court finds that Plaintiff has failed to demonstrate that Defendant's proposed abuse of process counterclaim is futile.

Therefore, for the foregoing reasons, it is ORDERED that

"Defendants' Motion for Leave to Amend Answer to Add Counterclaim" (Doc. No. 113) is GRANTED.  Defendant shall file a new proposed Amended Answer and Counterclaim no later than October 14, 2011.[3]

Dated this 7th day of October, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[3] The Amended Answer and Counterclaim currently attached to Defendant's Motion contains Slater Laboratories as a party in the caption, as well as in the title and text of the document.  (Am. Answer and Counterclaim at 1.)  Defendant shall file a corrected version of its Amended Answer and Counterclaim that reflects the current parties to this case.